IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| Jason Lockbaum, | ) | No.  09 B 05704 |
| | ) | |
| Debtor. | ) | Judge Carol A. Doyle |

**<u>MEMORANDUM OPINION</u>**

This matter is before the court on two motions:  chapter 7 trustee Phillip Levey's motion
to compel the debtor to render an accounting and turnover property, and debtor Jason
Lockbaum's motion to determine property abandoned and close the case, or in the alternative
compel abandonment.  For the following reasons, the trustee's motion is granted and the debtor's
motion is denied.


**I**.     **Background**

On February 23, 2009, the debtor filed a petition for relief under chapter 7 of the
Bankruptcy Code.  The trustee held a first meeting of creditors on April 1, 2009, and on April 3,
2009, the trustee filed a Report of No Distribution.  On December 1, 2009, the debtor's case was
converted to chapter 11 but was later reconverted to chapter 7 on May 13, 2010.  After the
reconversion, a second meeting of creditors was held on June 25, 2010.  The debtor filed a
motion to excuse attendance at the second meeting, grant a discharge, and close the case, which
was denied on June 15, 2010.

The debtor disclosed in Schedule A that he owned a residential condominium at 2640 Avondale in Chicago, Illinois.  During the second meeting of creditors held on June 25, 2010, the debtor testified that he was holding in excess of $20,000 in rent payments from the condo that he received while his case was in chapter 11.  Following this disclosure, the trustee requested documents relating to the money, cautioned the debtor not to disburse the funds, and asked debtor's counsel to provide him with authority as to why the money should not be turned over.  The debtor has not turned over the money to the trustee to date.

The trustee asserts in his motion that the rent is property of the estate pursuant to § 541(a)(6) of the United States Bankruptcy Code and should be turned over to him.  The debtor responds that the rent is not part of the estate because § 541(a)(6) specifically excludes from property of the estate any earnings from services performed by the debtor.  The debtor contends that he performed services that enabled him to collect the rent.  He also asserts that, even if the rent is considered property of the estate, the trustee impliedly abandoned the rent when he filed the no-asset report in 2009.  The debtor requests that the case be closed and the rent be deemed abandoned.

## II.    Property of the Estate under 11 U.S.C. § 541(a)(6)

The trustee argues that the post-petition rent is property of the estate under § 541(a)(6) of the Bankruptcy Code.  Section 541(a) provides the basic definition of property of the estate.  It states that the commencement of a bankruptcy case creates an estate that is comprised of the property specified in subsections (1) through (7).  11 U.S.C. § 541(a).  For the most part, property of the estate consists of property that existed on the date the case was filed, not property

2

that the debtor acquired or that came into existence after the case was filed.  One exception to

this general rule is contained in § 541(a)(6), which includes within property of the estate

"[p]roceeds, product, offspring, rents or profits of or from property of the estate, except such as

are earnings from services performed by an individual debtor after the commencement of the

case."  11 U.S.C. § 541(a)(6).  Under this provision, money received by a debtor after the case

was filed is property of the estate if it was generated as proceeds from property of the estate.  *See*

*United States v. Messner*, 107 F.3d 1448 (10th Cir. 1997).  For example, if a debtor owns real

property on the day the case is filed and he receives post-petition rent from tenants living in the

property, the rent is also considered to be property of the estate.  *In re Amaravathi Ltd. P'ship*,

416 B.R. 618, 623-24 (Bankr. S.D. Tex. 2009).  *See also In re Bryant Manor, LLC,* 422 B.R. 278

(Bankr. D. Kan. 2010).

Section 541(a)(6) contains an exception to the exception to the general rule that property

of the estate generally includes only interests the debtor owned on the date the case was filed.  It

expressly excludes from property of the estate any rents, profits or proceeds that are earnings

from services performed by an individual debtor after commencement of the case.  11 U.S.C.

§ 541(a)(6).  As the Seventh Circuit has noted, this earnings exception has been construed very

narrowly and applies only to affirmative services performed personally by an individual debtor,

such as the money earned by a lawyer in a solo practice from assisting his clients or an

individual dentist in examining his patients.  *In re Prince*, 85 F.3d 314 (7th Cir. 1996).  *See also*

*In re FitzSimmons*, 725 F.2d 1208 (9th Cir. 1984); *Matter of Haynes*, 679 F.2d 718 (7th Cir.

1982) (determining that military pension, which required retiree to perform continued military

duties, constituted payment "for services performed after the filing of the bankruptcy petition," and were not property of the estate).

The debtor argues that he falls within the earnings exception to § 541(a)(6) because the rents were obtained through his personal services.  The debtor asserts that he made repairs to the property after the commencement of the case that cost $2,400.  The debtor also states that he had to file an eviction suit against the tenants to obtain rent from them, and that he spent much time and money for attorneys fees and expenses (approximately $2,800) on this suit.  He asserts that he was he able to collect rent from the tenants only after he settled the eviction proceeding.  The debtor argues that it is not fair for the trustee to benefit from these efforts when he knew about the rent from the time of the first meeting of creditors.

The narrow earnings exception in § 541(a)(6) does not apply to the "services" performed by the debtor.  As noted above, courts have limited the services that fall within this exception to those relating to actual affirmative acts performed by the debtor for which he is paid, such as those performed by a professional or based on a contingency agreement requiring performance. *See In re Prince*, 85 F.3d at 323-24 ;  *In re FitzSimmons*, 725 F.2d at 1211; *In re Taronji*, 174 B.R. 964, 971 (Bankr. N.D. Ill. 1994).  The provision has been applied often in cases filed by professionals attempting to reorganize their businesses. *E.g., Prince; In re Lundeen,* 207 B.R. 604 (Bankr. S.D. Ind. 1997); *In re Ricca-Stroud,* 201 B.R. 943 (N.D. Ill. 1996).  In each case, the debtor was a professional who continued providing professional services to clients for a fee after the bankruptcy case commenced.

4

In this case, by contrast, the rent collected was owed by virtue of a lease and the tenants' occupancy of the debtor's property, not because the tenants agreed to pay the debtor for the repair and other "services" he alleges he performed.  In fact, the debtor acknowledges that the repairs made to the property were performed by someone else, not the debtor.  The debtor also did not personally perform the legal services necessary to collect the rent, and he acknowledged that the tenants paid at least the costs of the lawsuit filed to collect the rent.  Thus, the only actions personally performed by the debtor appear to be day-to-day dealings with the tenant, the lawyers and the repair services.  The rents collected cannot reasonably be considered earnings from these actions but instead were paid pursuant to the lease for the tenants' occupancy of the premises.

The debtor failed to cite any case in which a debtor who rented a property he owned could exclude the post-petition rent from property of the estate on the basis of the personal services exception in § 541(a)(6) simply because he had to pay someone to repair the property, had to deal with a difficult tenant or had to undertake legal action to collect rent.  Landlords must often undertake these kinds of activities to collect rent, inside and outside of bankruptcy.  If a debtor could eliminate all post-petition rent from property of the estate simply because he had to take some action to collect rent, the earnings exception in § 541(a)(6) could swallow the rule that post-petition rent is property of the estate.  The debtor's broad and unsupported interpretation of the earnings exception is inconsistent with the narrow construction given to this exception.  The court concludes instead that the rents are not earnings from services performed by the debtor after the case commenced for purposes of § 541(a)(6).

The debtor also cites two cases holding that, when a chapter 11 case is converted to chapter 7, property of the estate is determined as of the date the original chapter 11 was filed, not the date of conversion. *In re Hochman*, 963 F.2d 1347, 1349-50 (10th. Cir. 1992); *In re Magallanes*, 96 B.R. 253, 255 (9th Cir. B.A.P. 1988); *In re Marshall*, 79 B.R. 147, 150 (Bankr. N.D.N.Y. 1987). He seems to contend that these cases support his view that the rents are not property of the estate because they were received after the case was filed. The cases do not support his argument, however, because they involve assets not covered by the exception in § 541(a)(6). They simply reflect the general rule discussed above that property of the estate is determined as of the date the case was filed, and that the conversion of a case does not alter the date for determining property of the estate. *See* 11 U.S.C. § 348(a) (conversion does not affect the date of commencement of the case). They provide no help to the debtor because he owned the condominium at issue on the day he filed his case, so the exception in § 541(a)(6) for future rents earned from property of the estate brings the rents within property of the estate. Thus, these cases do not support the debtor's argument that § 541(a)(6) does not apply to include the rents in property of the estate. The rents collected by the debtor are clearly rents from property of the estate that are not earnings from services performed by the debtor and are therefore property of the estate under § 541(a)(6).

The court notes that, to the extent the debtor has not already deducted the out-of-pocket expenses of repairs or the legal fees he incurred in the eviction proceeding from the rents collected, he may have an administrative claim against the estate for those expenses. Thus, he is not completely without a potential remedy to recover any out-of-pocket expenses incurred post-petition with respect to the property.

6

### III.     The Trustee Has Not Abandoned the Rent

The debtor next argues that, even if the rents are property of the estate, the trustee abandoned them because he knew they existed back in 2009 yet filed a no-asset report in April 2009.  This argument also fails.  Section 554 of the Bankruptcy Code provides for only three methods by which property of the estate can be abandoned: (1) after notice and a hearing, a trustee may abandon property that is burdensome to the estate of  inconsequential value and benefit to the estate pursuant to § 554(a); (2) on a request of a party in interest and after notice and a hearing, the court may order the trustee to abandon property pursuant to § 554(b); and (3) unless the court orders otherwise, any property scheduled by the debtor but not administered by the time the case is closed is abandoned when the case is closed pursuant to § 554(c).  11 U.S.C.  554(a)-(c). Section 554(d) then specifically provides that property of the estate that is not abandoned under one of those three provisions but is not administered in the case remains property of the estate.  11 U.S.C.  554(d).  Thus, under the clear language of § 554, the mere filing of a no-asset report does not result in an abandonment.  Because the rent at issue in this case was not abandoned through subsections (a) through (c) of § 554 and the case has not been closed, it remains property of the estate under § 554(d).

The debtor argues that the trustee knew that the debtor was accumulating rent when the trustee filed his no-asset report.  The debtor attaches emails and other documentation showing that he informed the trustee of the rent but the trustee declined to accept the rent.  The debtor asserts that the trustee determined that it would not be worth the time and effort of having to collect the rental payments and manage the property, including making repairs to the property, so

7

he chose to file a no-asset report.  By doing so, the debtor argues that the trustee impliedly

abandoned the rent and it is no longer property of the estate.

In support of this argument, the debtor cites *Mele v. First Colony Life Ins.,* 127 B.R. 82

(D.D.C. 1991)*,* for the proposition that a trustee can impliedly abandon property of the estate if

he made a reasonable inquiry consistent with the statutory duties to the estate and the creditors as

to the value of the estate property before filing a no-asset report.  In *Mele*, the debtor listed a

lawsuit pending in the district court as an asset in his bankruptcy schedules.  The trustee chose

not to administer the lawsuit, issued a no-asset report, and the bankruptcy case was closed.  The

debtor then continued to prosecute the lawsuit.  The defendant in the lawsuit, in an attempt to

remove the debtor from control of the case, filed a motion in the district court to substitute the

trustee as the real party in interest instead of the debtor, claiming that the suit was still property

of the bankruptcy estate.

The *Mele* court discussed abandonment pursuant to § 554(c), referring to it as

"abandonment by implication."  It then determined that § 554(c) and § 554(d) were somehow

inconsistent and instead evaluated whether the trustee had fulfilled his fiduciary responsibility in

evaluating the debtor's claim.  The court was apparently unaware that the lawsuit had been

abandoned as a matter of law under § 554(c) because the debtor scheduled the lawsuit as an

asset, the trustee did not administer the asset, and the case was closed.  The court concluded that

the trustee *could not* abandon the property under the test it created.  The decision reflects a

fundamental misunderstanding of abandonment under § 554 of the Bankruptcy Code and the

remedies available if a trustee fails to perform his duties.  This decision provides no plausible

basis for ignoring the clear language of the Bankruptcy Code regarding abandonment discussed

8

above.  Here, the debtor's case was not closed so there was no abandonment under § 554(c), and the debtor does not contend that the rent was abandoned pursuant to § 554(a) or (b).  Therefore, under § 554(d), the rent is still property of the estate.

The debtor also relies on *In re Penland*, 34 B.R. 536, 542 (Bankr. E.D. Tenn. 1983), but that case is also unavailing.  In *Penland,* a trustee sought to reopen a case and sell property the debtor had improperly claimed as exempt, even though the asset was disclosed in the debtor's schedules, the trustee had chosen not to pursue the asset and issued a no-asset report, and the case was closed.  Without addressing whether the trustee had abandoned the real property under § 554(c) or discussing § 554 at all, the court concluded that the rents collected on the real property were abandoned by virtue of the no-asset report.  Although the *Penland* court stated that a trustee "irreversibly abandons" property of the estate by the issuance of a no-asset report without discussing the additional requirement in § 554(c) that the case be closed, the result in the case on the issue of abandonment of the rent was correct under § 554(c) because the case had been closed after the no-asset report was issued.  To the extent the court suggested that abandonment can be accomplished by the mere filing of a no-asset report, it is directly contrary to the express terms of § 554 and should not be followed.  Because the rent at issue in this case is property of the estate under § 541(a)(6) and the trustee did not abandon it, the debtor must turn the rent over to the trustee.

**IV.**     **Conclusion**

For these reasons, the trustee's motion to compel debtor to render accounting and

turnover property is granted.  The debtor's motion to determine property abandoned and close

case is denied.

Dated:    September 2, 2010                        ENTERED:

Carol A. Doyle
United States Bankruptcy Judge